## SUPREME COURT.

### JOSEPH LYTLE agt. JOHN ERWIN.

*Evidence* offered in a case of *breach of warranty*, which has a legitimate tendency to satisfy the jury that the warranty was not broken, or which may be material upon the question of damages, if there was a breach of the warranty *in part only*, is properly admissible, and its exclusion is sufficient ground to reverse the judgment.

*St. Lawrence General Term, March,* 1864.

BOCKES, ROSEKRANS, JAMES *and* POTTER, *Justices.*

APPEAL from judgment of county court.

This appeal is brought from a judgment of the St. Lawrence county court reversing the judgment of a justice of the peace. The action in the justice's court was to recover damages for a breach of warranty, on the sale of a horse, that the animal was without a fault, and that she was kind, gentle and good to work. The justice rendered judgment in favor of the plaintiff for $60 damages and costs.

On the trial, the defendant's attorney asked the witness, John Erwin, the following questions, and made the following offer:

1st. State whether or not the mare was true to work while you owned her? To which plaintiff's attorney objected, on the ground of immateriality, and the justice sustained the objection.

2d. Was she gentle, kind and true to work while you

owned her, and so far as you know at the time you sold her ?   Objected to by plaintiff, and the justice sustained the objection.

3d.  The defendant then offered to prove by the witness, John Erwin, that the mare he sold to plaintiff, and for which damages in this action are claimed, was gentle and kind, and worked so for the defendant up to the time he let the plaintiff have her.   The plaintiff objected, because such evidence was immaterial, and the justice sustained the objection.   The defendant at the trial of the case, asked the witness, Michael White, the following question :

What kind of mare was she to work, as to gentleness and kindness ? which was objected to by plaintiffs attorney as immaterial, and the justice sustained the objection.

The respondent claimed in the county court, that these several rulings of the justice were erroneous, as well as the judgment which he rendered.

> MORRIS & VARY, *for appellant.*
> MYERS & MAGONE, *for respondent.*

I.  One of the material questions at issue in the case was, whether the mare was gentle and kind, and good to work, and the defendant clearly had a legal right to establish the truth of the warranty, but the justice through mistake, ruled differently, as appears by his several decisions, and excluded the evidence.   No argument can be necessary to establish the materiality of the evidence offered by the defendant, as it was on the very point at issue in this case, to wit : the gentleness and kindness of the mare at the time of the sale.   If not conclusive against the plaintiff's entire claim, nevertheless, it would go directly to the measure of the plaintiff's damage.   It was quite necessary to know, in fixing the true value of the animal at the time of the sale, what her actual condition then was, the fact whether prior to that time she had been gentle, kind and good to work.

The nature of horses is such, that they frequently undergo

great changes in their disposition, health and usefulness, in almost an incredible short space of time, by change of stabling, feed, harnessing and driving. Ignorant and cruel drivers, or some careless management, may, and often does, materially affect the usefulness of a horse. Such being the physical fact, if you exclude the evidence of the actual disposition and usefulness of the animal at the time of sale, what safety is there for vendors against the ignorance of unskillful horsemen, interested, prejudiced or perjured witnesses ?

The correction is found only in allowing the very evidence that the justice excluded in this case, and without such a correction, the evil would be without remedy.

But it may be argued that although the justice erred in excluding the proposed evidence, yet, if the court can see that even though the rejected evidence had been admitted, still the balance of evidence would have been in favor of the plaintiff, and that therefore the judgment of the county court should be reversed, and that of the justice affirmed. Courts have sometimes endeavored to fix with legal precision just where to draw the dividing line, and to say that this or that particular piece of illegal evidence admitted, or this or that particular piece of material legal evidence excluded, could not have by any possibility affected the verdict, and therefore, notwithstanding such error committed on the trial, affirm the judgment. But no court or judicial officer, until the justice's decision in this case, we submit, had ever gone to the extent of holding that a defendant should not be allowed in an action for breach of warranty, to prove the warranty true. In *Underhill* agt. *N. Y. and Harlem R. R. Co.* (21 *Barb.* 489,) the question was discussed in the opinion of the court at general term, S. B. Strong, Justice. The court say :

" As there were exceptions to both, the admission and refusal, we are bound to yield to them, unless we are satisfied that they did not by any possibility prejudice the defend-

ant. Believing myself, that the rule often operates unjustly, I have frequently endeavored to confine its operation within what I conceived to be reasonable bounds, but without much success, as our judges have generally thought that they were bound to apply it rigidly, and that the legislature alone could furnish the appropriate remedy. In this case, the evidence improperly admitted, may have induced the jury to exceed the minimum price mentioned by the only other witness who testified upon that point; and therefore, the defendants may have been (although they probably were not) injured, and for that reason they are entitled to a new trial."

In *Boyle* agt. *Colman*, (13 *Barb.* p. 42,) which was a general term decision, opinion by WM. F. ALLEN, Justice, in discussing the effect of the admission of illegal evidence, the court says : " The evidence was calculated to make an impression upon the minds of the jury, and it is impossible to say that it did not influence the verdict. If, therefore, it was incompetent, a new trial must be granted ; especially as this case is before us for review upon a bill of exceptions." (*See cases cited in opinion.*)

In *Anthoine & Marais* agt. *Coit*, (2 *Hall Superior Court Rep.* p. 40,) opinion by JONES, Justice, in discussing this question of admitting illegal evidence, the court say : " I am compelled, therefore, to come to the conclusion that the verdict must be set aside, though I see no reason for supposing that there 'can be a different result from another trial."

The true rule appears to be, that where the court can clearly and without the *possibility* of mistake, determine that the verdict must of necessity have been the same, though the legal evidence excluded had been admitted, they will not set aside the judgment. That is, where secondary evidence may have been illegally admitted to prove a record fact, or any fact that does not admit of contradiction. In such case to reverse the judgment would be a mere exercise

of power unattended with any practical result. But on the contrary, where the evidence excluded, not only goes to prove an entire defence to the plaintiff's claim, or if not entire, at least a partial defence; no court can say what the effect of the evidence might have been upon the mind of the court or jury. Upon this point the following authorities are, we think decisive. That even cumulative evidence, if improper, is cause of reversal. (*Osgood* agt. *Manhattan Company*, 3 *Cowen*, 612, 621; *Marquand* agt. *Webb*, 16 *Johns. Rep.* 49; *Anthoine* agt. *Coit*, 2 *Hall's Rep.* 40; *Strang* agt. *Whitehead*, 12 *Wend.* 64; *Penfield* agt. *Carpenter*, 13 *Johns. Rep.* 350; *Irvine* agt. *Cooke*, 15 *Johns.* 239; *Haswell* agt. *Barring*, 10 *Johns.* 128.)

II. Section 366 of the Code provides, that upon the hearing of appeals from justices' courts, the county court shall give judgment according to the justice of the case, without regard to technical errors, and defects that do not affect the merits.

The supreme court in some districts ignore this very plain provision of the Code, and in its stead adopt a very technical construction. However, this district in the case of *Ashley Ames*, appellant, agt. *Eli Bromley*, respondent, adopted the liberal construction. (*Manuscript opinion by Justice* ROSEKRANS.)

The St. Lawrence county court, acting clearly within both the letter and spirit of the Code, reversed the judgment of the justice in this case, and its judgment is consistent with the well established rule of law, and should be affirmed.


By the court, ROSEKRANS, Justice. This judgment was properly reversed by the county court. The defendant offered to prove that for more than a year, while he owned the mare, she was gentle and kind, and worked so for him. This evidence if admitted, would have had a tendency to show that such was the character and habit of the mare

at the time of the warranty, and might have satisfied the jury that the warranty was not broken. It was also material upon the question of damages, if there was a breach of the warranty in part only. For these reasons, the judgment of the county court should be affirmed.

The remarks of SELDEN, J. (18 *N. Y. R.* 293,) are applicable to this evidence and its rejection.